UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                                    Chapter 13

    ALLEN KAPLUN,                                      Case No. 05-24528-ess

    Debtor.

-----------------------------------------------------------x

## MEMORANDUM DECISION DENYING
## THE DEBTOR'S APPLICATION TO REOPEN CASE

On July 28, 2006, Allen Kaplun, the debtor in the above-captioned case, applied to the Court for an order to show cause why Mr. Kaplun's case should not be reopened pursuant to 11 U.S.C. § 350(b), and why he should not be granted lawful title to real property located at 6322 Whitman Place, Sarasota, Florida 34243 (the "Property") due to an alleged violation of the automatic stay (the "Application"). The Court issued an Order to Show Cause on July 28, 2006, directing Mr. Kaplun to show cause why his case should be reopened at a hearing on August 11, 2006, and denying all other relief requested in the Application.

On August 11, 2006, the Court held a hearing on the Application, at which Mr. Kaplun, who is an attorney licensed in the State of New York, appeared in support of the Application. The Chapter 13 Trustee, Marianne DeRosa (the "Chapter 13 Trustee"), and Joseph L. Fox, counsel for Carl Loeffler, as Trustee of the Carl E. Loeffler Revocable Living Trust U/T.D. 8/21/01 and Step Properties, Inc. ("Loeffler and Step Properties"), appeared in opposition to the Application (the "August 11 Hearing"). After consideration of the entire record, the arguments of counsel and Mr. Kaplun, and for the reasons stated below, the Application is denied.

## Background

Allen Kaplun filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on September 6, 2005 (the "Petition Date"). On September 27, 2005, the Chapter 13 Trustee moved to dismiss the case for failure to comply with the disclosure requirements of the United States Bankruptcy Court for the Eastern District of New York Local Bankruptcy Rule 2003-1, failure to submit any Chapter 13 plan payments pursuant to 11 U.S.C. § 1326(a)(1), and failure to file a feasible Chapter 13 plan (the "Motion to Dismiss"). On October 31, 2005, Loeffler and Step Properties moved for relief from the automatic stay with respect to the Property pursuant to 11 U.S.C. § 362(d)(1), *nunc pro tunc* to the Petition Date (the "Lift Stay Motion").

Mr. Kaplun filed written opposition to the Lift Stay Motion on November 18, 2005. A hearing on the Lift Stay Motion was held on December 19, 2005, at which counsel for Loeffler and Step Properties appeared and was heard, and Mr. Kaplun did not appear. At the hearing on December 19, 2005, the Court granted the Lift Stay Motion but denied the request for *nunc pro tunc* relief, and directed counsel for Loeffler and Step Properties to settle a proposed order on Mr. Kaplun on ten days' notice. The proposed order was served on Mr. Kaplun on December 19, 2005, and was entered, without further written opposition, on January 3, 2006 (the "Lift Stay Order").

Also on December 19, 2005, the Court held a hearing on the Motion to Dismiss, at which the Chapter 13 Trustee appeared and was heard, and Mr. Kaplun did not appear. Mr. Kaplun did not file any opposition to the Motion to Dismiss. At the December 19, 2005, hearing, the Court granted the Motion to Dismiss and directed the Chapter 13 Trustee to settle a proposed order on

Mr. Kaplun on ten days' notice. The proposed order was served on Mr. Kaplun on December 22, 2005, and was entered, without any written opposition, on January 9, 2006 (the "Dismissal Order").

On January 19, 2006, Mr. Kaplun applied to the Court for an order to show cause why the Lift Stay Order should not be vacated. The Court made the following entry on the proposed order to show cause:

> January 19, 2006
> Unsigned order. The Court entered an order dated January 3, 2006, which granted relief from the automatic stay. That order did not grant nunc pro tunc relief and, pursuant to Fed. R. Bankr. P. 4001(a)(3), became effective ten days after it was entered. Thereafter, the Court entered an order dated January 9, 2006, dismissing this case. "Upon dismissal of the bankruptcy petition, [this Court] is divested of any jurisdiction to issue orders effecting related proceeding pending in state court which effect the property of the debtor." In re Garnett, 303 B.R. 274, 279 (E.D.N.Y. 2003).

Unsigned Order, Docket No. 28. On February 10, 2006, this bankruptcy case was closed.

On July 28, 2006, more than five months later, Mr. Kaplun brought this Application, in which he seeks an order reopening this bankruptcy case and declaring that he possesses lawful title to the Property. Mr. Kaplun argues that he is entitled to this relief because, among other reasons, the foreclosure sale of the Property conducted on September 8, 2005, was in violation of the automatic stay that was then in effect, the Florida state courts hearing the foreclosure proceedings were acting in disregard of the automatic stay and the alleged stay violation, and guidance from the bankruptcy court was therefore required.

On July 31, 2006, three days after bringing this Application, Mr. Kaplun filed a new voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court. *See In re Allen Kaplun*, Case No. 06-42711-cec (Bankr. E.D.N.Y.). This was his fourth bankruptcy filing

3

in just over one year.[1]

## Discussion

Section 350(b) of the Bankruptcy Code states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy courts in this district and elsewhere have held that for a case to be reopened pursuant to Section 350(b) of the Bankruptcy Code, it must have been closed pursuant to Section 350(a). *See* 3 COLLIER ON BANKRUPTCY ¶ 350.03 at 350-6 (15th ed. 2004).

Where a bankruptcy case is not closed after having been fully administered, but rather, is closed after having been dismissed, relief under Section 350(b) is not available. *Critical Care Support Servs., Inc. v. United States (In re Critical Care Support Servs.)*, 236 B.R. 137, 140-41 (E.D.N.Y. 1999). *See also In re Kent Funding Corp.*, 290 B.R. 471, 475 (Bankr. E.D.N.Y. 2003) (dismissal of a case under 11 U.S.C. § 349(b) is "an event distinct from closure of a case."). In this circumstance, a debtor may pursue the reopening of his or her case by seeking relief from the order of dismissal pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. *Aubain v. LaSalle Nat'l Bank (In re Aubain)*, 296 B.R. 624, 626 n.1 (Bankr. E.D.N.Y. 2003) (the debtor's motion to reinstate would be

---

[1] On July 1, 2005, Mr. Kaplun filed for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut. *See In re Allen Kaplun*, Case No. 05-50807 (Bankr. D. Conn.). That case was dismissed upon the Chapter 13 Trustee's motion on July 21, 2005. As noted above, Mr. Kaplun filed the present case on September 6, 2005, and it was dismissed on January 9, 2006. *See In re Allen Kaplun*, Case No. 05-24528-ess (Bankr. E.D.N.Y.). Mr. Kaplun next filed for relief under Chapter 13 of the Bankruptcy Code on October 15, 2005, in the United States Bankruptcy Court for the Eastern District of New York. *See In re Allen Kaplun*, Case No. 05-33262-cec (Bankr. E.D.N.Y.). And finally, on July 31, 2006, Mr. Kaplun filed for relief under Chapter 13 of the Bankruptcy Code, again in the United States Bankruptcy Court for the Eastern District of New York, and that case remains pending. *See In re Allen Kaplun*, Case No. 06-42711-cec (Bankr. E.D.N.Y.).

addressed under Fed. R. Bankr. P. 9024 because her case had been dismissed, not closed). *See also* 3 COLLIER ON BANKRUPTCY ¶ 350.03 at 350-6 (15th ed. 2004).

Here, Mr. Kaplun's bankruptcy case was dismissed on the motion of the Chapter 13 Trustee on January 9, 2006. It was not "fully administered" under Section 350(a). Mr. Kaplun did not oppose the Trustee's Motion to Dismiss or the entry of the Dismissal Order and has not sought reconsideration of it under Federal Rule of Bankruptcy Procedure 9024. Instead, Mr. Kaplun seeks to reopen his bankruptcy case under Section 350(b). For the reasons described above and based on the entire record, the Court finds that this case may not be reopened under 11 U.S.C. § 350(b).

The Court also notes that Mr. Kaplun has not presented, and the record does not provide, a basis under Federal Rule of Bankruptcy Procedure 9024 to reconsider the Dismissal order. Fuirther, Mr. Kaplun does not dispute that he failed to make Chapter 13 plan payments and post-petition mortgage payments, as required of Chapter 13 debtors by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. That is, he does not contest, nor could he, the grounds for the dismissal of his case.

Two additional observations are in order. First, Mr. Kaplun has not established a legal or factual basis for his request that the bankruptcy court should instruct the Florida state court in how to interpret or apply the Lift Stay Order. And in all events, the Court may not enter any order with respect to state court proceedings after a case has been dismissed. *In re Garnett*, 303 B.R. 274, 279 (E.D.N.Y. 2003). Second, Mr. Kaplun is not without a bankruptcy forum, as he has a bankruptcy case that remains pending in this Court. *See In re Allen Kaplun*, Case No. 06-42711-cec (Bankr. E.D.N.Y.).

## Conclusion

Based on the entire record, and for the reasons stated herein, Mr. Kaplun's Application is denied. An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
August 23, 2006

*s/ Elizabeth S. Stong*
ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE